**James NELSON, Appellant**

**v.**

**STATE OF FLORIDA, et al., Appellees.**

**No. 15-7139**
**September Term, 2015**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: June 20, 2016

Rehearing En Banc Denied
September 1, 2016.

James Nelson, Cross City, FL, Pro Se.

BEFORE: Rogers and Kavanaugh, Circuit Judges; Ginsburg, Senior Circuit Judge

10

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on appellant's brief. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 14, 2015, be affirmed. The district court properly dismissed appellant's complaint for failure to comply with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted); see also Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004). Appellant also appeals the district court's denial of leave to file a proposed amended complaint after the case had been dismissed without prejudice. There was no need to reopen the case to allow appellant to file the amended complaint, however, because it suffered from the same defect as the original complaint. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (explaining that a district court does not abuse its discretion in denying leave to amend a complaint where amendment would be futile).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.